# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

DANIEL R. BENSON
DIRECT DIAL: (212) 506-1720
DIRECT FAX: (212) 506-1849
dbenson@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

November 3, 2020

**Via ECF**

Honorable Roslynn R. Mauskopf, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, New York 11201

      Re:    *Kalman Rosenfeld v. AC2T, Inc., et al.*
                Case No. 20-cv-4662 (E.D.N.Y.)

Dear Judge Mauskopf:

      We represent defendant Bonner Analytical Testing Co. ("Bonner Analytical") in the above-referenced action. In accordance with Your Honor's Individual Rules, we write to respectfully request a pre-motion conference regarding Bonner Analytical's intent to move, pursuant to Fed. R. Civ. P. 8(a), 12(b)(3) and 12(b)(6), to dismiss all of the claims plaintiff Kalman Rosenfeld asserts against Bonner Analytical in his complaint. (Dkt. No. 1.) Bonner Analytical also respectfully requests an extension of its time to answer or move with respect to the complaint to five business days after the pre-motion conference.

**A. The Complaint**

      In this action, plaintiff, on behalf of himself and a putative national class of all purchasers of the Spartan Mosquito Eradicator (the "Product"), alleging that defendants made false statements about the efficacy of the Product, asserts six claims against defendants AC2T, Inc., the manufacturer and seller of the Product, Jeremy Hirsch, a principal of AC2T, and Bonner Analytical, a product testing company, for alleged deceptive business practices and false advertising in violation of General Business Law §§ 349 and 350 (Counts I and II); unjust enrichment (Count III); breach of express warranty (Count IV); violation of the Magnuson-Moss Warranty Act (Count V); and fraud (Count VI).

KASOWITZ BENSON TORRES LLP

Hon. Roslynn R. Mauskopf
November 3, 2020
Page 2

The only allegations expressly concerning Bonner Analytical are that: it is a Mississippi corporation with its principal place of business in Mississippi (Dkt, No. 1 ¶ 27); it performed an allegedly "scientifically invalid" test on a "former iteration of the Product" (*id.*); "[u]pon information and belief," it is "responsible for conducting and reporting inaccurate test results as to the efficacy of the Product" (*id.* ¶ 35); the "fraudulent scheme has also been advanced with cooperation from Bonner Analytical," which is "owned by Christopher Bonner, [AC2T's] Vice President" (*id.* ¶ 25); and "[d]efendants publish the findings of a purported test of the Product showing significant efficacy on the label" (*id.* ¶ 26), which was "ran [*sic*] by Bonner Analytical" (*id.* ¶ 27).

**B. Grounds For Dismissal**

Bonner Analytical seeks to move to dismiss all six counts, pursuant to Fed. R. Civ. P. 12(b)(3), for lack of personal jurisdiction and, pursuant to Fed. R. Civ. 12(b)(6), for failure to state a claim upon which relief can be granted.

**1. Lack of personal jurisdiction**

Plaintiff does not and cannot establish general personal jurisdiction over Bonner Analytical. Plaintiff alleges only that Bonner Analytical is a Mississippi company with Mississippi headquarters. He does not and cannot allege, as he must, that Bonner engages in a "continuous and systematic course of doing business" in New York which would warrant a finding that Bonner Analytical is present in New York. *Yih v. Taiwan Semiconductor Mfg. Co.*, No. 19-2218-CV, 2020 WL 2530183, at *1 (2d Cir. May 19, 2020).

Nor does or can plaintiff allege facts sufficient for the Court to exercise specific jurisdiction over Bonner Analytical. Under New York law, a court may exercise specific jurisdiction over an out-of-state corporation where the corporation "'transacts any business within the state or contracts anywhere to supply goods or services in the state' and the cause of action is based on this activity." *Yih*, 2020 WL 2530183, at *2 (quoting CPLR 302(a)(1)). Plaintiff does not allege that Bonner Analytical did anything at all in New York, much less engage in activity giving rise to any of the claims he asserts.

**2. Failure to state a claim**

Plaintiff's claims against Bonner Analytical must be dismissed also because his allegations do not state a claim against Bonner Analytical. With respect to Counts I and II for deceptive business practices and false advertising in violation of N.Y. Gen. Bus. Law §§ 349 and 350, plaintiff fails to allege, as he must, that Bonner Analytical engaged in any consumer-oriented conduct or advertising at all, much less consumer-oriented conduct or advertising which was deceptive or misleading. *See, e.g., City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009); *Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 609, 752 N.Y.S.2d 400, 403 (2d Dep't 2002).

KASOWITZ BENSON TORRES LLP

Hon. Roslynn R. Mauskopf
November 3, 2020
Page 3

Plaintiff's claim for unjust enrichment (Count III) fails because it is duplicative of plaintiff's other claims, *see Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790, 967 N.E.2d 1177 (2012), and because plaintiff does not, as he cannot, allege any of the elements of the claim, including that Bonner Analytical benefited at all, much less at plaintiff's expense.

Plaintiff cannot make out a claim for breach of express warranty (Count IV) because, among other things, he does not and cannot allege that Bonner Analytical sold the Product. *See, e.g.*, *Sarr v. BEF Foods, Inc.*, No. 18CV6409ARRRLM, 2020 WL 729883, at *7 (E.D.N.Y. Feb. 13, 2020) (express warranty is an "affirmation of fact or promise made by the seller to the buyer") (citation omitted). Plaintiff's Magnuson-Moss Warranty Act claim therefore fails as well. *See Chiarelli v. Nissan N. Am., Inc.*, No. 14-CV-4327 NGG VVP, 2015 WL 5686507, at *9 (E.D.N.Y. Sept. 25, 2015) (Magnuson-Moss Act warranty claims "stand or fall with . . . express and implied warranty claims under state law") (citation omitted).

Plaintiff's fraud claim (Count VI) against Bonner Analytical fails not only because his allegations lack the particularity required under Fed. R. Civ. P. 9(b) but also because plaintiff does not allege that Bonner Analytical made any representation to him at all, much less a false representation. *See Passiglia v. Northwell Health, Inc.*, 252 F. Supp. 3d 129, 137 (E.D.N.Y. 2017).

Plaintiff's bare allegation that the alleged "fraudulent scheme" was "advanced with cooperation from" Bonner Analytical and his repeated group pleading references to "Defendants" (*e.g.*, Dkt. No. 1 ¶¶ 49, 56, 65, 66, 69, 80) and "Defendant" (*e.g.*, Dkt. No. 1 ¶¶ 84, 86, 87), without specifying what Bonner Analytical is alleged to have done, do not come close to providing Bonner Analytical with fair notice under Fed. R. Civ. P. 8(a) of any of the claims against it, let alone to meeting the Fed. R. Civ. P. 9(b) requirement that fraud be pled with particularity. *See, e.g.*, *Automated Transaction LLC v. New York Cmty. Bank*, No. 12-CV-3070 JS ARL, 2013 WL 992423, at *4 (E.D.N.Y. Mar. 13, 2013) (group pleading violates Rule 8(a)).

Accordingly, all of the claims against Bonner Analytical should be dismissed.

We thank the Court for its consideration of this letter.

Respectfully,

*/s/ Daniel R. Benson*

Daniel R. Benson