Case 1:20-cv-04662-HG-PK   Document 28   Filed 02/24/21   Page 1 of 13 PageID #: 271

Daniel R. Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Phone: (212) 506-1700
Fax: (212) 506-1800

*Attorneys for Defendant Bonner Analytical Testing Co.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KALMAN ROSENFELD, individually and on behalf of all others similarly situated, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>AC2T, INC., BONNER ANALYTICAL TESTING CO., and JEREMY HIRSCH, <br><br>　　　　Defendants. | Civil Action No. <br>20-cv-004662-RRM-PK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**BONNER ANALYTICAL TESTING CO.'S**
**MOTION TO DISMISS**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

PLAINTIFF'S ALLEGATIONS ............................................................................................... 2

ARGUMENT ............................................................................................................................. 4

I.    BONNER ANALYTICAL IS NOT SUBJECT TO PERSONAL JURISDICTION IN THIS COURT ................................................................................................................ 4

II.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST BONNER ANALYTICAL ....... 6

    A.    Counts I and II Fail To State A Claim Under GBL § 349 Or § 350 ....................... 6

    B.    Count VI Fails to State A Claim For Fraud ............................................................ 7

CONCLUSION .......................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amiron Dev. Corp. v. Sytner*,
   No. 12-CV-3036 JS ETB, 2013 WL 1332725 (E.D.N.Y. Mar. 29, 2013) ............................7, 8

*Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*,
   300 A.D.2d 608, 752 N.Y.S.2d 400 (2d Dep't 2002) ...................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................7

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007)....................................................................................5

*Brady v. Basic Research, L.L.C.*,
   101 F. Supp. 3d 217 (E.D.N.Y. 2015) ......................................................................5

*Chufen Chen v. Dunkin' Brands, Inc.*,
   No. 17CV3808 (CBA) (RER), 2018 WL 9346682 (E.D.N.Y. Sept. 17, 2018),
   *aff'd*, 954 F.3d 492 (2d Cir. 2020)..........................................................................4

*City of New York v. Smokes-Spirits.Com, Inc.*,
   12 N.Y.3d 616 (2009) ............................................................................................6

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
   822 F.2d 1242 (2d Cir.1987)...................................................................................8

*Excevarria v. Dr Pepper Snapple Grp., Inc.*,
   764 F. App'x 108 (2d Cir. 2019) .............................................................................7

*Harris v. Mills*,
   572 F.3d 66 (2d Cir.2009).......................................................................................6

*Kardovich v. Pfizer, Inc.*,
   97 F. Supp. 3d 131 (E.D.N.Y. 2015) ....................................................................6, 8

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*,
   77 N.Y.2d 28 (1990) ..............................................................................................4

*Lehigh Val. Indus., Inc. v. Birenbaum*,
   527 F.2d 87 (2d Cir. 1975).......................................................................................5

*In re Magnum Hunter Res. Corp. Sec. Litig.*,
   26 F. Supp. 3d 278 (S.D.N.Y. 2014), *aff'd*, 616 F. App'x 442 (2d Cir. 2015).....................6, 7

*McKee Elec. Co. v. Rauland–Borg Corp.*,
  20 N.Y.2d 377 (1967) ............................................................................................................5

*Mills v. Polar Molecular Corp.*,
  12 F.3d 1170 (2d Cir. 1993) ...................................................................................................8

*Saphirstein v. Mauzone Mania LLC*,
  No. 15CV7264ERKRML, 2017 WL 3278893 (E.D.N.Y. July 31, 2017) ............................7, 9

*Strujan v. Davis*,
  No. 14CV1972RRMSMG, 2019 WL 1429983 (E.D.N.Y. Mar. 29, 2019) ..............................7

*Whitaker v. Am. Telecasting, Inc.*,
  261 F.3d 196 (2d Cir. 2001) ...................................................................................................4

*Yih v. Taiwan Semiconductor Mfg. Co.*,
  815 F. App'x 571 (2d Cir. 2020) ............................................................................................4

**Statutes and Rules**

CPLR 301 ............................................................................................................................................4

CPLR 302(a)(1) ...............................................................................................................................4, 5

CPLR 302(a)(2) ...................................................................................................................................6

Fed. R. Civ. P. 8(a) ..........................................................................................................................7, 8

Fed. R. Civ. P. 9(b) ..............................................................................................................1, 7, 8, 9

Fed. R. Civ. P. 12(b)(2) ......................................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................1, 6

GBL § 349 ..............................................................................................................................2, 3, 6, 7

GBL § 350 ..............................................................................................................................2, 3, 6, 7

Defendant Bonner Analytical Testing Inc. ("Bonner Analytical") respectfully submits this memorandum of law in support of its motion, pursuant to Rules 9(b), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims asserted against it in the complaint (Dkt. No. 1, "Compl.").

## PRELIMINARY STATEMENT

Plaintiff's complaint is bereft of any allegations which support personal jurisdiction over Bonner Analytical. All of plaintiff's six claims arise exclusively from allegedly false marketing statements about the Spartan Mosquito Eradicator, a mosquito control product manufactured and sold by defendant AC2T, Inc., which plaintiff allegedly purchased in New York, where he resides. Plaintiff does not (and cannot) allege that Bonner Analytical, a Mississippi corporation, is present in New York or engaged in any conduct in New York (or anywhere else) which could justify personal jurisdiction in this Court.

Nor does plaintiff state a claim upon which relief can be granted against Bonner Analytical. Bonner Analytical is not alleged to have made any marketing statements to plaintiff or any other putative class member, but rather is alleged only to have performed a test on a "former iteration" of the product (Compl. ¶ 27 ) and to have engaged in "cooperation" with the other defendants' alleged "fraudulent scheme" (*id.* ¶ 25).

Plaintiff already has withdrawn three of his six counts (Counts III, IV and V) against Bonner Analytical. In his November 11, 2020 letter to the Court responding to Bonner Analytical's letter requesting a pre-motion conference (Dkt. No. 15 at 2 ("Response Letter")), plaintiff acknowledged that those counts are deficient: "[b]ased on [Bonner Analytical's] Letter, Plaintiff will not pursue his claims for unjust enrichment and breach of express warranty against" Bonner Analytical.

1

Plaintiff's three remaining counts fare no better than the claims plaintiff has dropped. Plaintiff fails in Counts I and II to state a claim under General Business Law ("GBL") Sections 349 and 350 for deceptive business practices and false advertising, because he does not and cannot allege, as he must, that Bonner Analytical engaged in any consumer-oriented conduct or advertising at all, let alone consumer-oriented conduct or advertising which was deceptive or false.  Similarly, plaintiff's fraud claim in Count VI is deficient because, among other things, plaintiff fails to plead that Bonner Analytical made any representation at all, much less a false representation, to plaintiff or any other putative class member.  Finally, plaintiff's contention in his Response Letter (Dkt. No. 15 at 2) that his claims are saved by "conspiracy" allegations is belied by the fact that the complaint contains no such allegations -- he has pleaded no agreement or any other facts necessary to establish a "conspiracy."[1]

Therefore, as set forth more fully below, this action should be dismissed against Bonner Analytical in its entirety.

## PLAINTIFF'S ALLEGATIONS

Defendant Bonner Analytical is a Mississippi corporation, with its principal place of business in Hattiesburg, Mississippi.  (Compl. ¶ 35.)  Among other services, Bonner Analytical performs product testing, as plaintiff alleges it did for defendant AC2T, Inc.  (*Id.*)

---

[1] This complaint is the second failed attempt by plaintiff's counsel to adequately plead jurisdiction and his claims.  Plaintiff's counsel in May 2020 filed a complaint, on behalf of a different named plaintiff but the same putative class, which was identical to the complaint here in all respects material to this motion, against the same defendants in the Southern District of New York in a case captioned *Consolazio v. AC2T, Inc.,* Case 1:20-cv-03477-LLS (S.D.N.Y. May 4, 2020).  After Bonner Analytical filed a motion to dismiss in that action, plaintiff's counsel withdrew the action and several weeks later filed this action, without curing any of the jurisdictional or pleading defects fatal to the complaints in both actions.  The reason is plain: plaintiff knows of no facts, because there are none, supporting jurisdiction or his claims.

Plaintiff alleges that he is a resident of Brooklyn, New York and that he purchased the Spartan Mosquito Eradicator (the "Product"), a mosquito control product manufactured and sold by defendant AC2T, Inc. ("AC2T"), at a Home Depot store in Brooklyn.  (*Id.* ¶¶ 33, 34.)  Plaintiff alleges that the label of the Product included representations concerning the effectiveness of the Product and that if he had "known that these representations were false and misleading," he would not have purchased the Product or would have agreed to pay only a lower price for the Product.  (*Id.* ¶¶ 26, 33.)

The sole substantive allegations with respect to Bonner Analytical are that: the other defendants' alleged fraudulent scheme "has been advanced with [its] cooperation"; it performed an allegedly "scientifically invalid" test on a "former iteration of the Product" (*id.* ¶ 27); and "[u]pon information and belief," it was "responsible for conducting and reporting inaccurate test results" (*id.* ¶ 35), which were published on the label of the Product sold by AC2T to plaintiff.  (*Id.* ¶ 26.)  Plaintiff also (incorrectly) alleges that Bonner Analytical is owned by Christopher Bonner, who allegedly is also AC2T's Vice President.  (*Id.* ¶ 25.)

In his complaint, plaintiff, individually and as a putative class representative (*id.* ¶¶ 40-46), purports to assert counts for: violation of GBL § 349 (Count I); GBL § 350 (Count II); unjust enrichment (Count III); breach of express warranty (Count IV); violation of the Magnuson-Moss Warranty Act (Count V); and fraud (Count VI).  Plaintiff now asserts only Counts I, II, and VI against Bonner Analytical.  (Dkt. No. 15 at 2.)

**ARGUMENT**

I.  **BONNER ANALYTICAL IS NOT SUBJECT TO PERSONAL JURISDICTION IN THIS COURT**

The claims against Bonner Analytical should be dismissed because plaintiff has not satisfied, and cannot satisfy, his burden of establishing that Bonner Analytical is subject to general or specific personal jurisdiction in this Court.  *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (plaintiff has the burden of establishing personal jurisdiction).[2]

In New York, general jurisdiction is governed by CPLR 301, under which "a court sitting in New York has general personal jurisdiction over a defendant company that has 'engaged in such a continuous and systematic course of doing business [in New York] that a finding of its presence in [New York] is warranted.'"  *Yih v. Taiwan Semiconductor Mfg. Co.*, 815 F. App'x 571, 573 (2d Cir. 2020) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33 (1990)).  Here, plaintiff not only makes no allegation that Bonner Analytical is present in New York, but he alleges correctly that Bonner Analytical is a Mississippi corporation with Mississippi headquarters (Compl. ¶ 35).

Plaintiff likewise cannot show any grounds for specific jurisdiction.  Under CPLR 302(a)(1), a court may exercise specific jurisdiction over an out-of-state corporation when the corporation "'transacts any business within the state or contracts anywhere to supply goods or services in the state' and the cause of action is based on this activity."  *Yih*, 815 F. App'x at 574 (quoting CPLR 302(a)(1)).  "New York courts define 'transact[ing] business' as purposeful

---

[2] That plaintiff purports to bring this case as a putative national class action is immaterial: "[E]ach named plaintiff in a purported class action must show that in-state contacts specific to their claim give rise to specific jurisdiction over an out-of-state defendant."  *Chufen Chen v. Dunkin' Brands, Inc.*, No. 17CV3808 (CBA) (RER), 2018 WL 9346682, at *5 (E.D.N.Y. Sept. 17, 2018), *aff'd*, 954 F.3d 492 (2d Cir. 2020).

4

activity -- 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (quoting *McKee Elec. Co. v. Rauland–Borg Corp.*, 20 N.Y.2d 377, 382 (1967)).

Plaintiff does not and cannot allege that Bonner Analytical conducted any activity in New York. The only allegations in the complaint relating to New York at all are that plaintiff is a citizen of New York and purchased the Product in New York. (Compl. ¶ 33.) But Bonner Analytical did not sell the Product to plaintiff (or anyone else) in New York (or anywhere else) (*id.* ¶ 34) (alleging that AC2T manufactures and sells the Product)), nor does or can plaintiff allege that Bonner Analytical advertises or markets the Product in New York. Nothing in the complaint indicates that anything Bonner Analytical did had anything to do with New York, much less that Bonner Analytical "purposefully avail[ed] itself of the privilege of conducting activities" within New York. *Best Van Lines*, 490 F.3d at 246. Bonner Analytical accordingly is not subject to personal jurisdiction in this Court under CPLR 302(a)(1).

Plaintiff's contention in his Response Letter (Dkt. No. 15 at 2) that there is "conspiracy jurisdiction" here is belied by the fact that his complaint contains no allegations -- he has pleaded no agreement or any other facts -- necessary to establish a conspiracy. *See, e.g.*, *Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 232 (E.D.N.Y. 2015) (plaintiff must allege "a corrupt agreement between two or more persons"). The most plaintiff can point to is a vague allegation that the alleged "fraudulent scheme was advanced by" Bonner Analytical's "cooperation." (Compl. ¶ 25.) That is plainly insufficient. *See, e.g.*, *Lehigh Val. Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93–94 (2d Cir. 1975) ("The bland assertion of conspiracy . . . is insufficient to establish jurisdiction for the purposes of section 302(a)(2).").

5

## II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST BONNER ANALYTICAL

Plaintiff also fails to state any claim upon which relief can be granted against Bonner Analytical. On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor, but does not credit "mere conclusory statements," *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009), "[t]hreadbare recitals of the elements of a cause of action," or legal conclusions couched as factual allegations. *Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 136 (E.D.N.Y. 2015) (Mauskopf, C.J.) (quoting *Harris*, 572 F.2d at 71); *see also In re Magnum Hunter Res. Corp. Sec. Litig.*, 26 F. Supp. 3d 278, 289 (S.D.N.Y. 2014), *aff'd*, 616 F. App'x 442 (2d Cir. 2015). Here, at most, mere conclusory statements, threadbare allegations and legal conclusions are all plaintiff has.

### A. Counts I and II Fail To State A Claim Under GBL § 349 Or § 350

Plaintiff's deceptive practices and false advertising claims under GBL §§ 349 and 350 are plainly insufficient. To recover against a defendant under GBL § 349, a "plaintiff must allege that the defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009). Similarly, under GBL § 350, a plaintiff must allege that the defendant engaged in advertising which "(1) had an impact on consumers at large, (2) was deceptive or misleading in a material way, and (3) resulted in injury." *Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 609, 752 N.Y.S.2d 400, 403 (2d Dep't 2002).

Plaintiff does not and cannot allege that Bonner Analytical engaged in any consumer-oriented conduct or advertising, much less any consumer-oriented conduct or advertising which was deceptive or misleading. Nor can he rely on his allegations that defendants "committed

6

unfair or deceptive acts" or engaged in conduct which "constitutes false advertising." (Compl. ¶¶ 49, 56.) These allegations are nothing more than insufficient "formulaic recitation[s] of the elements" of plaintiff's claims, which cannot substitute for factual allegations. *Excevarria v. Dr Pepper Snapple Grp., Inc.*, 764 F. App'x 108, 109 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Magnum Hunter*, 26 F. Supp. 3d at 289.

So, too, plaintiff's repeated references to "Defendants," both in his GBL claims and throughout the complaint, constitute "group pleading" and "fail[] to give [Bonner Analytical] fair notice of the claims against it," all in violation of Fed. R. Civ. P. 8(a). *Saphirstein v. Mauzone Mania LLC*, No. 15CV7264ERKRML, 2017 WL 3278893, at *3 (E.D.N.Y. July 31, 2017) (quoting *Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036 JS ETB, 2013 WL 1332725, at *5 (E.D.N.Y. Mar. 29, 2013)) (dismissing claims for fraud and violations of GBL §§ 349 and 350 because plaintiffs impermissibly referenced "Defendants" throughout their pleading). Nor can plaintiff rely on non-existent conspiracy allegations (*see supra*) to support his GBL or fraud claims.

Accordingly, plaintiff's purported claims against Bonner Analytical under GBL §§ 349 and 350 must be dismissed.

**B.     Count VI Fails to State A Claim For Fraud**

Under New York law, to state a fraud claim against Bonner Analytical, plaintiff must plead that Bonner Analytical made (1) a material misrepresentation of fact, (2) with knowledge of its falsity, and (3) an intent to induce reliance, as well as (4) justifiable reliance by the plaintiff, and (5) damages. *Strujan v. Davis*, No. 14CV1972RRMSMG, 2019 WL 1429983, at *2 n.5 (E.D.N.Y. Mar. 29, 2019) (Mauskopf, C.J.) (dismissing fraud claim). And, under Fed. R. Civ. P. 9(b), plaintiff is required to plead his fraud claim with particularity: "[t]he complaint

7

must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Kardovich*, 97 F. Supp. 3d at 136-37 (citation omitted).

Plaintiff alleges none of these pleading requirements and fails to state a fraud claim against Bonner Analytical.  First, as shown (Section II.A), plaintiff impermissibly fails throughout the complaint to identify which defendants he alleges committed which acts.  For example, plaintiff states, variably, that "Spartan" (Compl. ¶¶ 2-3), "Defendants" (*id.* ¶¶ 4, 44, 48, 65), and an unspecified Defendant (*id.* ¶¶ 84, 86-87) made the alleged misrepresentations.  And plaintiff's allegations, which thus fail even to satisfy the notice requirements of Rule 8, are wholly insufficient under the heightened pleading standard of Rule 9(b).  *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'"); *Amiron*, 2013 WL 1332725, at *5 (granting motion to dismiss because fraud allegations referred generally to "Defendants" in violation of Rule 9(b)); *cf. DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.").

Moreover, the complaint nowhere alleges, nor could it, that Bonner Analytical made any statement at all to plaintiff or any other putative class member.  (Compl. ¶¶ 26-27.)  The complaint alleges only that Bonner Analytical performed a test, the results of which were published on the label of the Product manufactured and sold by AC2T.  Thus, plaintiff simply has not pleaded that Bonner Analytical made any misrepresentation of fact at all, much less with the level of specificity required by Rule 9(b).  Plaintiff additionally fails to adequately plead that

8

he suffered an injury – he only alleges that "he would not have purchased the Product at all, or would have only been willing to pay a substantially reduced price for the Product." (*Id.* ¶ 33.) This is insufficient. *See Saphirstein*, 2017 WL 3278893, at *4 ("Because the plaintiffs do not state the purchase price of the Mauzone Mania products, the prices of comparable products, and the exact products purchased, the complaint fails to meet Rule 9(b)'s heightened pleading standard.").

Plaintiff's fraud claim against Bonner Analytical must, therefore, be dismissed.

## CONCLUSION

For the foregoing reasons, Bonner Analytical respectfully requests that its motion to dismiss the claims against it be granted with prejudice.[3]

Dated: New York, New York
December 10, 2020

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By:    */s/ Daniel R. Benson*
            Daniel R. Benson

1633 Broadway
New York, NY 10019
Phone: (212) 506-1700
Fax: (212) 506-1800
dbenson@kasowitz.com

*Attorneys for Defendant Bonner Analytical Testing Co.*

---

[3] Plaintiff's complaint should be dismissed with prejudice. Any amendment would be futile inasmuch as plaintiff and putative class counsel cannot allege in good faith any basis for personal jurisdiction or for the claims against Bonner Analytical. *See also* n.1 *supra*.

9