Daniel R. Benson
Rachel M. Bandli
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Phone: (212) 506-1700
Fax: (212) 506-1800

*Attorneys for Defendant Bonner Analytical Testing Co.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KALMAN ROSENFELD, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>AC2T, INC., BONNER ANALYTICAL TESTING CO., and JEREMY HIRSCH,<br><br>   Defendants. | Civil Action No.<br>20-cv-004662-RRM-PK |

**DEFENDANT BONNER ANALYTICAL TESTING CO.'S**
**REPLY MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF ITS MOTION TO DISMISS**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.     BONNER ANALYTICAL IS NOT SUBJECT TO "CONSPIRACY" JURISDICTION IN THIS COURT ................................................................................. 2

II.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST BONNER ANALYTICAL ....... 4

      A.     Plaintiff Fails To State A Claim Under GBL § 349 Or § 350 ................................ 4

      B.     Plaintiff Fails To State A Claim For Fraud .............................................................. 6

CONCLUSION .............................................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allianz Glob. Investors GmbH v. Bank of Am. Corp.*,
    457 F. Supp. 3d 401 (S.D.N.Y. 2020), *reconsideration denied*, No. 18-CIV-
    10364 (LGS), 2020 WL 2538394 (S.D.N.Y. May 19, 2020) ................................................3, 4

*Amiron Dev. Corp. v. Sytner*,
    No. 12-CV-3036 (JS) (ETB), 2013 WL 1332725 (E.D.N.Y. Mar. 29, 2013) ..........................6

*Anderson News, L.L.C. v. Am. Media, Inc.*,
    680 F.3d 162 (2d Cir. 2012)......................................................................................................3

*Brady v. Basic Research, L.L.C.*,
    101 F. Supp. 3d 217 (E.D.N.Y. 2015) ......................................................................................3

*Charles Schwab Corp. v. Bank of Am. Corp.*,
    883 F.3d 68 (2d Cir. 2018)........................................................................................................4

*Contant v. Bank of Am. Corp.*,
    385 F. Supp. 3d 284 (S.D.N.Y. 2019).......................................................................................4

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014).......................................................................................6

*Lehigh Valley Indus., Inc. v. Birenbaum*,
    527 F.2d 87 (2d Cir. 1975)........................................................................................................3

*Mills v. Polar Molecular Corp.*,
    12 F.3d 1170 (2d Cir. 1993)......................................................................................................6

*In re Platinum & Palladium Antitrust Litig.*,
    449 F. Supp. 3d 290 (S.D.N.Y. 2020).......................................................................................4

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013).......................................................................................6

*Relevent Sports, LLC v. United States Soccer Fed'n, Inc.*,
    No. 19-CV-8359 (VEC), 2020 WL 4194962 (S.D.N.Y. July 20, 2020) ...................................3

*Saphirstein v. Mauzone Mania LLC*,
    No. 15-CV-7264 (ERK) (RML), 2017 WL 3278893 (E.D.N.Y. July 31, 2017) ......................5

*Sitt v. Nature's Bounty, Inc.*,
    No. 15-CV-4199 (MKB), 2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016)................................6

*Storms v. Veterans of Foreign Wars of the United States, Inc.*,
     No. 15-CIV-1038 (ENV) (ST), 2016 WL 6462273 (E.D.N.Y. Nov. 1, 2016) ........................... 3

**Statutes and Rules**

GBL § 349 ................................................................................................................... 4, 5, 6

GBL § 350 ................................................................................................................... 4, 5, 6

Fed. R. Civ. P. 8(a) ............................................................................................................ 5

Fed. R. Civ. P. 9(b) ..................................................................................................... 5, 6, 7

Defendant Bonner Analytical respectfully submits this reply memorandum of law in further support of its motion to dismiss and in response to plaintiff's memorandum of law in opposition to the motion (Dkt. No. 29, "Pl. Mem.").[1]

## PRELIMINARY STATEMENT

Plaintiff's opposition only confirms the deficiencies of his complaint. The complaint is devoid of any allegations that Bonner Analytical, a Mississippi corporation, itself did anything in any way connected to New York, so plaintiff relies on "conspiracy jurisdiction" to claim that AC2T's alleged sale of the Product in New York means that Bonner Analytical can be haled into this Court. But nowhere in his complaint does plaintiff allege any agreement – the key element of a conspiracy claim – much less an agreement to which Bonner Analytical was a party. Plaintiff alleges only that Bonner Analytical "cooperat[ed]" with a "fraudulent scheme" (Compl. ¶ 25), but "cooperation," whatever that means, is insufficient as a matter of law to support "conspiracy jurisdiction."

Plaintiff likewise cannot refute Bonner Analytical's showing that the complaint fails to state any claims against Bonner Analytical upon which relief can be granted. His claims under GBL §§ 349 and 350 fail because there is no allegation in his complaint, nor could there be, that Bonner Analytical engaged in any consumer-oriented conduct or advertising. Instead, plaintiff asserts only that Bonner Analytical "knowingly published the results of the invalid efficacy testing that appears on every single unit sold of the Product." (Pl. Mem. 18.) To the extent plaintiff means by this confusingly stated assertion that Bonner Analytical itself published those results on the label of the Product, no such allegation appears in the complaint. To the contrary,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Bonner Analytical's opening memorandum of law in support of its motion (Dkt. No. 28, "Def. Mem.").

the complaint alleges that AC2T manufactured and sold the Product (Compl. ¶ 34); Bonner Analytical is alleged only to have performed a test on a "former iteration" of the Product. (*Id.* ¶ 27.)  To the extent plaintiff means by his assertion that Bonner Analytical provided test results to AC2T, which AC2T published on the label – that allegation does appear to be in the complaint (*id.* ¶¶ 27, 35) – that alleged conduct by Bonner Analytical in no way constitutes consumer-oriented conduct or advertising.

In purported defense of his fraud claim, plaintiff again relies on the assertion that Bonner Analytical "published the results of its invalid testing on the Product's packaging" (Pl. Mem. 19), but that assertion appears nowhere in the complaint.  And, contrary to plaintiff's argument, the mere fact that alleged Bonner Analytical test results "appear prominently" on the labeling (*id.* 20) of the Product – which was manufactured and sold by another company – does not amount to a representation by Bonner Analytical to plaintiff or any other putative class member.

Accordingly, this action should be dismissed as against Bonner Analytical in its entirety.

## ARGUMENT

I.  **BONNER ANALYTICAL IS NOT SUBJECT TO "CONSPIRACY" JURISDICTION IN THIS COURT**

As shown, this Court lacks personal jurisdiction over Bonner Analytical because the complaint is devoid of factual allegations that Bonner Analytical, a Mississippi corporation, itself did anything in any way connected to New York. (Def. Mem. 4-5.)  Plaintiff instead seeks to rely on "conspiracy jurisdiction" to claim that AC2T's alleged sale of the Product in New York means that Bonner Analytical can be haled into this Court.  But nowhere in his complaint does plaintiff allege, as he must, any agreement – the key element of a conspiracy claim – much less an agreement to which Bonner Analytical was a party.  This is fatal to his conspiracy argument:

> [A]t the pleading stage, a complaint claiming conspiracy, to be plausible, must plead 'enough factual matter (taken as true) to suggest that an agreement was made,' *i.e.,* it must provide 'some factual context suggesting [that the parties reached an] agreement,' not facts that would be 'merely consistent' with an agreement.

*Relevent Sports, LLC v. United States Soccer Fed'n, Inc.*, No. 19-CV-8359 (VEC), 2020 WL 4194962, at *6 (S.D.N.Y. July 20, 2020) (quoting *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 184 (2d Cir. 2012)); *see also Storms v. Veterans of Foreign Wars of the United States, Inc.*, No. 15-CIV-1038 (ENV) (ST), 2016 WL 6462273, at *4 (E.D.N.Y. Nov. 1, 2016) ("'To establish jurisdiction on a conspiracy theory, a plaintiff must: (1) establish a prima facie factual showing of a conspiracy; and (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy.'") (quoting *Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 232 (E.D.N.Y. 2015)).

Here, plaintiff pleads no "factual matter" establishing an agreement. Instead, he makes only the conclusory allegation that Bonner Analytical "cooperat[ed]" with an alleged "fraudulent scheme" (Compl. ¶ 25) – but "cooperation," whatever that means, is, at most, "merely consistent" with an agreement – and is therefore wholly insufficient to support conspiracy jurisdiction. *See, e.g.*, *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) ("The bland assertion of conspiracy . . . is insufficient to establish jurisdiction for the purposes of [CPLR] section 302(a)(2) [New York's long arm statute]."); *Relevant Sports*, 2020 WL 4194962, at *6 (plaintiff's conclusory allegations of soccer league's "compliance" with soccer governing body's allegedly anticompetitive directive insufficient to establish an agreement).

Plaintiff's own cases confirm that his allegations are insufficient. For example, in *Allianz Glob. Investors GmbH v. Bank of Am. Corp.*, 457 F. Supp. 3d 401 (S.D.N.Y. 2020), *reconsideration denied*, No. 18-CIV-10364 (LGS), 2020 WL 2538394 (S.D.N.Y. May 19, 2020)

3

(Pl. Mem. 14), the court upheld personal jurisdiction as to five defendants alleged to have "employ[ed] every anticompetitive tactic – price fixing, direct communications between competitors, sharing of commercially sensitive information . . . and other coordinated activity," with "extensive, specific allegations that tie this collusive activity to the United States," *id.* at 410-11, but not as to two defendants, with respect to whom the jurisdiction allegations were conclusory and non-specific. *Id.* at 413-14. There could hardly be a greater contrast between the detailed allegations supporting jurisdiction in *Allianz* and plaintiff's conclusory allegations concerning Bonner Analytical. *See also Contant v. Bank of Am. Corp.*, 385 F. Supp. 3d 284, 294 (S.D.N.Y. 2019) (jurisdiction must be premised on "non-conclusory, fact-specific allegations").

Plaintiff cites *In re Platinum & Palladium Antitrust Litig.*, 449 F. Supp. 3d 290, 326 (S.D.N.Y. 2020), for the proposition that, under *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018), "conspiracy jurisdiction is extraordinarily broad." (Pl. Mem. 12.) But that proposition is true only where, unlike here, a conspiracy is adequately pled in the first place; it in no way absolves plaintiff of his burden to plead non-conclusory, specific facts establishing an agreement.

Accordingly, because plaintiff has not met his burden (on his second attempt (*see* Def. Mem. 2 n.1)), this Court lacks jurisdiction over Bonner Analytical, and plaintiff's claims against Bonner Analytical must be dismissed with prejudice.

## II.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST BONNER ANALYTICAL

### A.     Plaintiff Fails To State A Claim Under GBL § 349 Or § 350

As shown, plaintiff's deceptive practices and false advertising claims against Bonner Analytical under GBL §§ 349 and 350 are wholly insufficient because plaintiff does not and

4

cannot allege, as he must, that Bonner Analytical engaged in any consumer-oriented conduct or advertising. (Def. Mem. 6-7.)

In response, plaintiff tries to re-characterize his allegations by asserting that Bonner Analytical "published the results of its invalid testing on the Product's packaging." (Pl. Mem. 19.) To the extent plaintiff means by this confusingly stated assertion that Bonner Analytical itself published those results on the label of the Product, the Complaint alleges no such thing. Bonner Analytical is alleged only to have performed a test on a "former iteration of the Product" (*id.* ¶ 27) and that "[u]pon information and belief," it was "responsible for conducting and reporting inaccurate test results." (*Id.* ¶ 35.) Plaintiff does not allege that Bonner Analytical "published" anything; instead, he alleges that "Defendants publish" test results on the Product's label, but this is impermissible group pleading which does not amount to an allegation that Bonner Analytical did anything (*see* Def. Mem. 6-7).² (Compl. ¶ 26.) In fact, to the extent there is a specific allegation as to who published the result on the label, it is the allegation that AC2T manufactured and sold the Product (Compl. ¶ 34).

Plaintiff thus is unable to cite a single case where a plaintiff successfully stated a claim under GBL §§ 349 or 350 against a defendant which did not sell, manufacture, or advertise any

---

²       Plaintiff asserts that his group pleading is permissible because, he claims, he "alleges conduct specific to Bonner in detail." (Pl. Mem. 19 n.6.) But plaintiff makes no allegations specific to Bonner where it counts: such allegations appear in only three paragraphs of the complaint (¶¶ 25, 27, 35), and they do not come close to asserting an actionable claim. To the extent plaintiff means to assert that Bonner Analytical provided test results to AC2T, which AC2T published on the label – that allegation does appear to be in the complaint (*id.* ¶¶ 27, 35) – that alleged conduct by Bonner Analytical in no way constitutes consumer-oriented conduct or advertising. The complaint, including its numerous references to "Defendant" and "Defendants," is plainly insufficient under Fed. R. Civ. P. 8(a), much less Fed. R. Civ. P. 9(b). *See Saphirstein v. Mauzone Mania LLC*, No. 15-CV-7264 (ERK) (RML), 2017 WL 3278893, at *3 (E.D.N.Y. July 31, 2017) (dismissing claims for fraud and violations of GBL §§ 349 and 350 because plaintiffs impermissibly referenced "Defendants" throughout their pleading).

product, much less which, according to plaintiff's own allegations, merely performed a test on a different version of the product at issue.[3]

Accordingly, plaintiff's purported claims against Bonner Analytical under GBL §§ 349 and 350 must be dismissed.

### B. Plaintiff Fails To State A Claim For Fraud

As shown, plaintiff has failed to state a fraud claim against Bonner Analytical at all, much less with requisite particularity under Fed. R. Civ. P. 9(b). (Def. Mem. 7-8.) As with his GBL claims, plaintiff impermissibly relies on "group pleading" and does not, because he cannot, allege any representation by Bonner Analytical to plaintiff or any other putative class member. (Def. Mem. 7-8.)

On group pleading, plaintiff points to five paragraphs in his complaint (Pl. Mem. 19 (citing Compl. ¶¶ 25-29)). But of those paragraphs, only two even mention Bonner Analytical, with the remaining paragraphs simply referencing "Defendants." (Compl. ¶¶ 25-29.) This is insufficient under Rule 9(b) as a matter of law. (Def. Mem. 8.) *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'"); *Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036 (JS) (ETB), 2013 WL 1332725, at *5 (E.D.N.Y. Mar. 29, 2013)

---

[3] Plaintiff's argument, that whether Bonner Analytical's conduct was misleading is inappropriate for resolution at this stage of the action (Pl. Mem. 19), misses the point. In all of the cases cited by plaintiff for this proposition, the claims arose from the defendants' consumer-oriented conduct or advertising – which Bonner Analytical did not engage in. *See Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199 (MKB), 2016 WL 5372794, at *1 (E.D.N.Y. Sept. 26, 2016) (claims arose from defendant's sales materials and advertising); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 276 (S.D.N.Y. 2014) (claims arose from defendants' marketing of the product at issue); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 537 (S.D.N.Y. 2013) (claims against Walgreens arose from labels of products it marketed). Here, plaintiff does not and cannot allege that Bonner Analytical engaged in any sales, advertising or marketing.

(granting motion to dismiss because fraud allegations referred generally to "Defendants" in violation of Rule 9(b)).

In purported defense of his fraud claim, plaintiff again relies on the assertion that Bonner Analytical "published the results of its invalid testing on the Product's packaging" (Pl. Mem. 19), but that assertion appears nowhere in the complaint and ignores plaintiff's allegation that defendant AC2T, Inc., not Bonner Analytical, manufactures and sells the Product. (*See supra* at 5.) And, contrary to plaintiff's argument, the mere fact that alleged Bonner Analytical test results "appear prominently" on the labeling (Pl. Mem. 19- 20) of the Product – which was manufactured and sold by another company – does not amount to a representation by Bonner Analytical to plaintiff or any other putative class member.

Plaintiff's fraud claim against Bonner Analytical must, therefore, be dismissed.

## **CONCLUSION**

For the foregoing reasons, Bonner Analytical respectfully requests that its motion to dismiss the claims against it be granted with prejudice.

Dated: New York, New York
February 24, 2020

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: */s/ Daniel R. Benson*
Daniel R. Benson
Rachel M. Bandli

1633 Broadway
New York, NY 10019
Phone: (212) 506-1700
Fax: (212) 506-1800
dbenson@kasowitz.com
rbandli@kasowitz.com

*Attorneys for Defendant Bonner Analytical Testing Co.*

8