# BURSOR & FISHER
## P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

**YITZCHAK KOPEL**
Tel: **646.837.7150**
Fax: **212.989.9163**
ykopel@bursor.com

March 10, 2021

*Via ECF*

Honorable Peggy Kuo, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 11C
Brooklyn, New York 11201

Re:    *Rosenfeld v. AC2T, Inc., et al.*, Case No. 1:20-cv-04662-RRM-PK

Dear Judge Kuo:

I represent the Plaintiff in the above-captioned matter.  I write pursuant to the Court's January 19, 2021 Minute Entry and in opposition to Defendants' letter-motion requesting a stay (hereinafter, the "Ltr.").  As set forth herein, Defendants offer no basis to stay discovery.

Notably, "a motion to dismiss does not automatically stay discovery." *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010).  Therefore, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992).  While a court may stay discovery for "good cause" shown under Rule 26, courts "have required a motion for a stay be supported by 'substantial arguments for dismissal'" or "a strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Finance Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

When deciding whether to stay discovery pending a motion to dismiss, courts in this District consider "(1) whether the defendant has made a 'strong showing' that plaintiff's claim lacks merit; (2) the breadth of the requested discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Joglo Realities Inc. v. Dep't of Envtl. Conservation*, 2016 WL 11480895, at *2 (E.D.N.Y. Oct. 17, 2016).

**I.     Defendants Do Not Make A "Strong Showing" That Plaintiff's Claims Lack Merit**

Defendants argue that there is good cause to stay discovery because "the complaint fails to state any claim upon which relief and can be granted" and because "the Court lacks personal jurisdiction over Bonner Analytical and Hirsch."  Ltr. at 2.  That is wrong.

### 1.     Plaintiff's Claims Are Sufficiently Pleaded Against Bonner

Defendants contend there is good cause to stay discovery because Plaintiff does not allege that Bonner "engaged in any consumer-oriented or advertising conduct" and because "the Court lacks personal jurisdiction over Bonner." *Id.* That is wrong. Plaintiff alleges that Bonner – a company owned by Spartan's Vice President – conspired to dupe consumers into purchasing the Product by conducting a knowingly invalid test, and by publishing those results on the Product's packaging. Compl. ¶¶ 25-26; Boyle Decl., Exhibits 1A and 1B. Thus, Bonner has played an active role in Defendants' fraudulent scheme, and its conduct is consumer-oriented. Moreover, Plaintiff explains these test results are misleading because: (1) it was not performed on the current product, (2) it was conducted without any scientific control, and (3) the test was conducted in a location and during a period when the local government was already spraying insecticides meant to kill and reduce mosquito populations. *Id.* ¶¶ 27-28. That is sufficient.

### 2.     Plaintiff's Claims Are Sufficiently Pleaded Against Hirsch

Next, Defendants argue that "this Court lacks personal jurisdiction over Hirsch." Ltr. at 2. That too is incorrect. Just as with Bonner, the Court has conspiracy jurisdiction over Hirsch. Specifically, Plaintiff alleges that Defendants, <u>including Hirsch</u>, duped consumers into purchasing the Product by representing that: "[t]he Spartan mosquito Eradicators contain sugar, salt, and yeast. When a mosquito ingests the Sodium Chloride (salt), its crystalline structure 'cuts' their stomach, causing it to rupture. The fermentation process also continues after mosquitoes ingest the mixture, and CO2 production in the mosquito also causes the stomach to rupture." Compl. ¶ 8. Defendants make these representations even though "Defendants already know that the Product does not work. They have repeatedly commissioned efficacy tests which found that Defendants' marketing claims were unsupported and that the Product did not work as advertised," yet "they have suppressed publication of these findings using nondisclosure agreements and threats to scientists involved in this research." Compl. ¶ 22. "These threats to scientists sounding the alarms on the Product's failure to work as advertised are key to furtherance of Defendants' fraudulent scheme. Spartan's founder and spokesperson, Jeremy Hirsch, has made personal threats to at least one scientist involved in this research in order to intimidate him out of publicizing the results of his research." *Id.* ¶ 23.

Mr. Hirsch also left menacing communications to Colin Purrington, a biologist that has published results of his own investigation into the Products on the internet. After leaving a review of his findings of the Product's inefficacy on Amazon, Mr. Hirsch wrote a public response identifying Mr. Purrington's wife's place of employment." *Id.* ¶ 24; *see also id.* ¶ 36 ("Mr. Hirsch acts as Spartan's spokesperson, regularly promoting the Product on television and other media. He has also personally participated in the campaign of intimidation and concealment discussed above."). Given Hirsch's overt acts in furtherance of the conspiracy and his knowledge of the actions of his co-conspirators, Plaintiff has made a prima facie showing of specific personal jurisdiction over Hirsch.

### 3. Plaintiff's Allegations Are Plausible

Finally, Defendants argue that "Plaintiff's complaint fails to plausibly allege that the Spartan Mosquito Eradicator's advertising is false." Ltr. at 2. That is incorrect. Plaintiff cites to a peer-reviewed study which shows the Product does not live up to its labeling claims. Compl. ¶¶ 5-6. And Plaintiff's remaining scientific evidence examines the Product's active ingredients and shows why ingesting same is not lethal to mosquitoes, despite Spartan's claims otherwise. *Id.* ¶¶ 10-21. Moreover, plaintiff is "not obligated in her complaint to definitively prove all of her claims by reference to unassailable scientific fact. Rather, she is only required to state a claim that is plausible on its face." *Tomasino v. Estee Lauder Companies, Inc.*, 2015 WL 1470177, at *5 (E.D.N.Y. Mar. 31, 2015). Here, Plaintiff has done just that. A stay of discovery is not warranted. *Osan Ltd. v. Accenture LLP*, 2006 WL 1662612, at *1 (E.D.N.Y. June 13, 2006) (denying motion to stay where dismissing the entire lawsuit was "doubtful" and any "insufficiencies may very well be cured by allowing plaintiff to file an amended complaint"); *Levinson v. PSCC Servs., Inc.*, 2009 WL 10690157, at *2 (D. Conn. Sept. 16, 2009) (denying stay of discovery where claims were not "frivolous or glaringly deficient").

## II. Defendant Has Not Demonstrated A Burden In Responding To Discovery

Defendants argue a stay is warranted "because of the burden that discovery will impose on the Defendants (who reside in Mississippi) if discovery proceeds." Ltr. at 2. But "good cause requires a showing of *facts* militating in favor of the stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (emphasis added). Here, Defendants offer no facts whatsoever demonstrating a purported burden. For this reason, courts have held that "conclusory allegations … are insufficient to establish good cause for staying discovery." *Diaz v. Local 338 of Retail*, 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014); *see also Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010) ("Because no discovery requests have been served, it is impossible to assess both the breadth of the discovery sought and the prejudice, if any, that defendant would suffer in responding to the requests.").

## III. Plaintiff Will Be Prejudiced By A Stay Of Discovery

Defendants argue that "Plaintiff cannot identify any prejudice that he will suffer if this Court stays discovery pending resolution of the motions to dismiss that outweighs the burden on Defendants." Ltr. at 3. But Defendants have not identified any burden, and "[t]he ability of courts to avoid undue delay is essential to assur[e] that justice for all litigants be neither delayed nor impaired." *In re Health Mgmt., Inc.*, 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 15, 1999). Here, a "stay will undoubtedly serve to delay the ultimate resolution of what is expected to be a complex case. After plaintiff filed his lawsuit he had a right to expect an expeditious resolution. A stay of all or a portion of the case … will impede this goal." *Forrest v. Corzine*, 757 F. Supp. 2d 473, 478 (D.N.J. 2010); *see also Connecticut ex rel. Blumenthal v. BPS Petroleum Distribs., Inc.*, 1991 WL 177657, at *2 (D. Conn. July 16, 1991) (denying stay because "witnesses relocate, memories fade, and persons . . . are unable to seek vindication or redress for indefinite periods of time on end").

BURSOR&FISHER
P.A.

PAGE 4

Very truly yours,

*Y. Kopel*

Yitzchak Kopel

CC: All counsel of record (via ECF)