UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
KALMAN ROSENFELD, individually and on behalf of all others similarly situated,

                Plaintiff,

  -against-

AC2T, INC., BONNER ANALYTICAL TESTING CO., and JEREMY HIRSCH,

                Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-04662-FB-PK

*Appearances:*
*For the Plaintiffs*:
YITZCHAK KOPEL
ALEC M. LESLIE
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, New York 10019

*For the Defendants*:
DANIEL R. BENSON
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019

EDWARD P. BOYLE
ANNA G. DIMON
Venable LLP
1270 Avenue of the Americas
New York, New York 10020

**BLOCK, Senior District Judge:**

      Plaintiff Kalman Rosenfeld ("Rosenfeld") claims that Defendants AC2T, Inc. ("AC2T"), Bonner Analytical Testing Co. ("Bonner"), and Jeremy Hirsch ("Hirsch") fraudulently marketed a mosquito control product called "Spartan

1

Mosquito Eradicator." Bonner and Hirsch have moved to dismiss the complaint as against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and each defendant has moved to dismiss the complaint in its entirety for failure to state a claim pursuant to Rule 12(b)(6). For the following reasons, this Court GRANTS Bonner and Hirsch's motions to dismiss for lack of personal jurisdiction and DENIES AC2T's remaining motion to dismiss for failure to state a claim.

## I.

The following facts are taken from the complaint. For the purposes of the pending motions to dismiss, the Court accepts them as true and draws all reasonable inferences in favor of the plaintiff. *See*, *e.g.*, *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019).

In the summer of 2019, Rosenfeld purchased a mosquito control product known as "Spartan Mosquito Eradicator" ("Spartan"), believing it would "effectively eliminate mosquitos." Complaint at ¶ 33. Rosenfeld used Spartan as directed but was disappointed when it did not provide "effective mosquito control." *Id.*

Each defendant is connected to Spartan, which is manufactured and sold by AC2T. *Id.* at ¶ 34. Hirsch served as president and spokesperson of AC2T. *Id.* at ¶ 35. And Bonner conducted allegedly fraudulent testing of Spartan. *Id.* at ¶ 36.

Spartan's advertising represents that the product will "significantly decrease[] [mosquito] population within 15 days," and "[p]rovid[e] up to 95% mosquito control for up to 90 days." *Id.* at ¶ 3. The product purports to work through three crucial ingredients: sugar, salt, and yeast. *Id.* at ¶ 7. Spartan advertising represents that when the product is mixed with water and ingested by a mosquito, the "crystalline structure" of salt cuts the mosquito's stomach, "causing it to rupture." *Id.* at ¶ 8. Meanwhile, the fermentation process of the yeast produces carbon dioxide inside the mosquito, also causing its stomach to rupture. *Id.*

The only problem, according to Rosenfeld, is that none of this is true. *Id.* at ¶ 9. Rosenfeld alleges that, as a matter of biology, sugar, salt, yeast and water simply cannot kill a mosquito in the way that the Spartan advertising represents. *Id.* at ¶ 10. Rosenfeld cites a number of studies to this effect. Moreover, he alleges that the defendants knew Spartan was an ineffective product, and nonetheless produced a phony study allegedly demonstrating Spartan's efficacy, which they used to fraudulently market and sell it. *Id.* at ¶¶ 21, 25.

On September 30, 2020, Rosenfeld filed this lawsuit, alleging counts of deceptive acts or practices (Count I); false advertising (Count II); unjust enrichment (Count III); breach of express warranty (Count IV); violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (Count V); and fraud (Count VI). Complaint at ¶¶ 47-87.

## II.

### A.

There are two means by which a court can acquire personal jurisdiction over a defendant: generally and specifically. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). A court has general jurisdiction when a defendant is "essentially at home" in the forum state. *Id.* By contrast, specific jurisdiction arises only where a defendant makes deliberate contacts with the forum state and the plaintiff's claim arises from those contacts. *Id.* at 1025.

To fend off a Rule 12(b)(2) jurisdictional challenge, a plaintiff must demonstrate a prima facie case for jurisdiction. *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Id.* (quoting *Penguin Grp. (USA) v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010)).

### B.

This Court lacks general jurisdiction over Bonner and Hirsh, because no facts have been pleaded indicating that either has affiliations with New York "so continuous and systematic as to render them essentially at home" here. *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014). Per the complaint, which must be construed in the light most favorable to Rosenfeld at this stage of the litigation, *Dorchester*

4

*Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013), Bonner is a Mississippi corporation with its primary place of business in Mississippi, and Hirsch is a Mississippi resident. Complaint at ¶¶ 35-36.

Nor has Rosenfeld adequately alleged specific jurisdiction. As the defendants note, the complaint does not allege any actions undertaken by either Bonner or Hirsch in New York. Nonetheless, Rosenfeld argues that each is subject to this Court's jurisdiction based upon a theory of conspiracy jurisdiction. Plaintiff's Memorandum in Opposition at 18.

"To establish personal jurisdiction on a conspiracy theory, Plaintiff[] must make a prima facie showing of conspiracy, allege specific facts warranting the inference that the defendant was a member of the conspiracy, and show that the defendant's co-conspirator committed a tort in New York." *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 805 (S.D.N.Y.), *on reconsideration in part*, 392 F. Supp. 2d 539 (S.D.N.Y. 2005), *and aff'd*, 538 F.3d 71 (2d Cir. 2008), *and aff'd*, 538 F.3d 71 (2d Cir. 2008), *and aff'd*, 714 F.3d 118 (2d Cir. 2013) (internal citation and quotation omitted). Vague and general allegations of conspiracy are not enough: "[T]he bland assertion of conspiracy . . . is insufficient to establish jurisdiction[.]" *Id.* (internal citation and quotation omitted).

Yet vague and general allegations of conspiracy are all that Rosenfeld has offered. The complaint does not include a count of conspiracy. Nor does it factually

5

allege an agreement between Bonner, Hirsch, and AC2T. Rosenfeld's opposition brief attempts to retrofit the complaint with allegations of conspiracy; however, it is the complaint, not the briefs, being tested at this stage. Put simply, the complaint fails to factually allege a conspiracy; therefore, no conspiracy jurisdiction lies here.

This Court is similarly unpersuaded by Rosenfeld's novel invocation of "endorser" jurisdiction with respect to Hirsch. While endorsement may be a source of liability in proceedings before the Federal Trade Commission, no authority suggests that it may be a basis of personal jurisdiction before this Court. Nor has Rosenfeld alleged that Hirsch made statements in or directed towards New York.

Accordingly, the defendants' motion to dismiss the complaint with respect to Bonner and Hirsch is GRANTED.

### III.

### A.

What remains is AC2T's Rule 12(b)(6) motion to dismiss the complaint in its entirety for failure to state a claim. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

**B.**

Here, AC2T argues that the complaint should be dismissed in its entirety because Rosenfeld has failed to adequately allege the falsity of AC2T's statements about Spartan's effectiveness.

The complaint alleges that "[S]partan is ineffective for mosquito control because it does not kill mosquitoes or decrease mosquito populations." Complaint at ¶ 4. Noting that this conclusory statement alone does not suffice to clear the plausibility hurdle, AC2T argues that the scientific studies Rosenfeld cites are insufficiently tailored to the facts of this case. AC2T Memorandum in Support at 23. It argues that because those studies did not test Spartan's particular chemical formulation, but rather tested only its constituent ingredients, they cannot support

conclusions regarding Spartan's effectiveness or establish the plausibility of the complaint. *Id.* at 23.

This Court does not agree. At this stage, all Rosenfeld must do is meet the standard of plausibility. The claim that a product physically cannot work is a valid legal theory. *See Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 258 (E.D.N.Y. 2014) (citing *Hughes v. Ester C Co.*, 930 F. Supp.2d 439, 450 (E.D.N.Y. 2013)). Here, Rosenfeld has made such an allegation, and factually substantiates it with studies indicating that Spartan's individual active ingredients cannot work in the manner that Spartan's detailed advertising represents. Complaint at ¶¶ 4-20. This is sufficient, and Rosenfeld's complaint satisfies the plausibility standard.

AC2T's arguments about the applicability of those studies are unavailing. While the studies are sufficient to nudge the complaint into the realm of plausibility, their weight or interpretation is a question of fact not appropriate for resolution on a motion to dismiss. *See, e.g.*, *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013).

Accordingly, AC2T's motion to dismiss all counts pursuant to Rule 12(b)(6) is DENIED.

**SO ORDERED.**

        /S/ Frederic Block      
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 15, 2021