UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                        :
KALMAN ROSENFELD, individually and      :
on behalf of all others similarly situated,   :   No.: 1:20-cv-04662-FB-PK
                                        :
            Plaintiff,                  :
                                        :
v.                                      :   **ANSWER**
                                        :
AC2T, INC., BONNER ANALYTICAL           :
TESTING CO., and JEREMY HIRSCH.         :
                                        :
            Defendants.                 :
--------------------------------------------------------x

Defendant AC2T, Inc. ("AC2T"), by and through its undersigned attorneys, hereby

answers (the "Answer") the allegations set forth in the numbered paragraphs of the Class Action

Complaint dated September 30, 2020 (the "Complaint") filed by Plaintiff Kalman Rosenfeld

("Plaintiff"), individually and purportedly on behalf of all others similarly situated, as follows:

1.      AC2T admits that the Complaint proposes a class action lawsuit against AC2T on

behalf of Plaintiff and a putative class of all consumers in the United States who have purchased

the Spartan Mosquito Eradicator (the "Product").  AC2T denies that class treatment is

appropriate or that Plaintiff is entitled to any form of relief.

2.      Denied, except admits that the image appearing in this paragraph has appeared in

marketing materials for the Product, and refers to those materials in full for their contents.

3.      Denied, except admits that the image appearing in this paragraph has appeared on

AC2T's website, and refers to the complete set of information on AC2T's website concerning

the Product for its contents.

4.      Denied.

5.      Denied, except admits that the Aryaprema article was published in the Journal of

the Florida Mosquito Control Association.  AC2T avers that the testing described in the article is

not independent because BioOpus LLC paid for the study and BioOpus has established ties to

competitors of AC2T.  AC2T further avers that the article makes false statements about the

Product and purported to test the Product by using it in a manner that did not follow the

Product's directions.  AC2T further avers that the testing described in the Aryaprema article is

immaterial to Plaintiff's claims because, among other reasons, the study was limited to the

species *Aedes albopictus*.  EPA regulations provide that, to obtain approval for pesticide labeling

claims, efficacy data should be submitted showing the results of product tests using three

mosquito genera: Anopheles (*Anopheles quadrimaculatus* <u>or</u> *Anopheles freeborni* <u>or</u> *Anopheles

punctipennis* <u>or</u> *Anopheles gambiae*); Aedes (*Aedes albopictus* <u>or</u> *Aedes aegypti*); and Culex

(*Culex pipiens* <u>or</u> *Culex quinquefasciatus* <u>or</u> *Culex tarsalis*).  AC2T's claims are based on

*Anopheles quadrimaculatus*, *Aedes aegypti* and *Culex quinquefasciatus.*

6.      Denied, except admits that the quoted language appears in the document cited,
and AC2T refers to the full document for its contents.

7.      Denied, and AC2T refers to the information and instructions appearing on the
Product packaging and inserts in full for their contents.

8.      Denied, except admits that the quoted language has appeared in social media
posts, and refers to the source material in full for its contents.

9.      Denied.

10.     Denied.

11.     Denied, except AC2T lacks knowledge or information sufficient to form a belief
as to the truth of the allegation that the quoted language appears in the document cited.

12.     Denied, including that the alleged study was conducted by the School of

2

Biological, Environmental and Earth Sciences at the University of Mississippi, except admits that the quoted language appears in the document cited, and refers to the document in full for its contents.

13. Denied, except admits that the quoted language appears in the document cited, and refers to the document in full for its contents.

14. Denied, except admits that the quoted language appears in the document cited, and refers to the document in full for its contents.

15. Denied, except admits that the quoted language appears in the document cited, and refers to the document in full for its contents.

16. Denied, except admits that the quoted language appears in the document cited, and refers to the document in full for its contents.

17. Denied.

18. Denied.

19. Denied, and AC2T avers that it has never claimed that sugar and yeast are lethal to mosquitoes in contexts other than the Product when used as directed.

20. Denied, except admits the first four sentences of this paragraph, and AC2T avers that it has never claimed that sugar and yeast are lethal to mosquitoes in contexts other than the Product when used as directed.

21. Denied, and refers to the website identified in this paragraph for its contents.

22. Denied.

23. Denied.

24. Denied, except admits that Colin Purrington's wife works for a competitor of AC2T.

3

25.     Denied.

26.     Denied, except admits that the image appearing in this paragraph has appeared on the Product packaging and/or inserts, and refers to the packaging and inserts in full for their contents.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied, except admits that the quoted language has appeared in social media posts, and refers to the source material in full for its contents.

32.     Denied, except AC2T denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's purchase of the Product, and admits that the Complaint purports to assert the causes of action listed on behalf of a putative class.  AC2T avers that class action treatment is inappropriate, and the causes of action asserted are meritless.

## PARTIES

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Denied, except admits the first sentence of this paragraph.

35.     Denied, except admits that Bonner Analytical Testing Co. ("Bonner") is based in Hattiesburg, Mississippi, and avers that Bonner has been dismissed from this action.

36.     Denied, except admits that Mr. Hirsch resides in Mississippi, and avers that Mr. Hirsch has been dismissed from this action.

## JURISDICTION AND VENUE

4

37.     This paragraph calls for a legal conclusion to which no response is necessary.

38.     This paragraph calls for a legal conclusion to which no response is necessary.  To the extent a response is required, AC2T denies knowledge or information sufficient to form a belief as to the truth of the allegations that events relating to Plaintiff's claims occurred in this District.

39.     Denied.

## CLASS REPRESENTATION ALLEGATIONS

40.     Denied, except admits that Plaintiff seeks to represent a class of U.S. consumers who have purchased the Product.

41.     Denied, except admits that Plaintiff seeks to represent a subclass of New York. consumers who have purchased the Product.

42.     This paragraph contains conclusions of law to which no response is required.  To the extent that this paragraph includes factual allegations, they are denied.

43.     This paragraph contains conclusions of law to which no response is required.  To the extent that this paragraph includes factual allegations, they are denied.

44.     This paragraph contains conclusions of law to which no response is required.  To the extent that this paragraph includes factual allegations, they are denied.

45.     This paragraph contains conclusions of law to which no response is required.  To the extent that this paragraph includes factual allegations, they are denied.

46.     This paragraph contains conclusions of law to which no response is required.  To the extent that this paragraph includes factual allegations, they are denied.

## COUNT I
### ("Deceptive Acts or Practices, New York Gen. Bus. Law § 349")

47.     AC2T repeats and realleges its responses in the preceding paragraphs.

48.    Denied, except admits that Plaintiff brings this case individually and seeks to represent a putative subclass of New York consumers.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied, except admits that Plaintiff seeks the relief requested in the Complaint.

## Count II
### ("False Advertising, New York Gen. Bus. Law § 350")

54.    AC2T repeats and realleges its responses in the preceding paragraphs.

55.    Denied, except admits that Plaintiff brings this case individually and seeks to represent a putative subclass of New York consumers.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied, except admits that Plaintiff seeks the relief requested in the Complaint.

## COUNT III
### ("Unjust Enrichment")

61.    Plaintiff is not pursuing his claim for unjust enrichment and no further response is required.  *See* ECF No. 18 at 3.

62.    Plaintiff is not pursuing his claim for unjust enrichment and no further response is required.  *See* ECF No. 18 at 3.

63.    Plaintiff is not pursuing his claim for unjust enrichment and no further response is

required.  *See* ECF No. 18 at 3.

64.     Plaintiff is not pursuing his claim for unjust enrichment and no further response is required.  *See* ECF No. 18 at 3.

65.     Plaintiff is not pursuing his claim for unjust enrichment and no further response is required.  *See* ECF No. 18 at 3.

66.     Plaintiff is not pursuing his claim for unjust enrichment and no further response is required.  *See* ECF No. 18 at 3.

## COUNT IV
### ("Breach of Express Warranty")

67.     AC2T repeats and realleges its responses in the preceding paragraphs.

68.     Denied, except admits that Plaintiff brings this case individually and seeks to represent a putative class of U.S. consumers and a putative subclass of New York consumers.

69.     Denied, except admits that the quoted language appears on the Product's labeling and in promotional materials, and refers to the Product's packaging, inserts, and marketing information in full for their contents.

70.     Denied.

71.     Denied.

72.     Denied, except admits that AC2T received a letter from Plaintiff's counsel on September 2, 2020, and refers to that letter in full for its contents.

## COUNT V
### ("Magnuson-Moss Warranty Act")

73.     AC2T repeats and realleges its responses in the preceding paragraphs.

74.     Denied, except admits that Plaintiff brings this case individually and seeks to represent a putative class of U.S. consumers and a putative subclass of New York consumers.

7

75.     Paragraph 75 contains conclusions of law to which no response is required.

76.     Paragraph 76 contains conclusions of law to which no response is required.

77.     Paragraph 77 contains conclusions of law to which no response is required.

78.     Denied, except admits that the quoted language appears on the Product's labeling and in promotional materials, and refers to the Product's packaging, inserts, and marketing information in full for their contents.

79.     Denied.

80.     Denied.

81.     Denied.

## COUNT VI
### ("Fraud")

82.     AC2T repeats and realleges its responses in the preceding paragraphs.

83.     Denied, except admits that Plaintiff brings this case individually and seeks to represent a putative class of U.S. consumers and a putative subclass of New York consumers.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

## RELIEF DEMANDED

AC2T denies that Plaintiff, or any member of the putative class, is entitled to any of the relief described in the "WHEREFORE" paragraph and its subheadings (a) through (h), as appears on pages 17-18 of the Complaint.

## JURY DEMAND

AC2T denies that Plaintiff is entitled to a jury trial on any issues that are not triable to a

jury.

## GENERAL DENIAL

AC2T denies any and all allegations in the Complaint that are not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff did not suffer any actual damages.

### THIRD AFFIRMATIVE DEFENSE

3.      Any damages Plaintiff may have suffered have resulted, in whole or in part, from his own conduct.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

5.      AC2T acted in good faith in conformity with any applicable statutes or governmental rules, regulations, or interpretations, or with any interpretation or approval by an authorized governmental official or employee.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff is barred from recovering on his claims by unclean hands and other equitable doctrines.

Dated: New York, New York
       October 6, 2021

                     VENABLE LLP


                     By:  */s/ Edward P. Boyle*
                           Edward P. Boyle
                           Anna G. Dimon
                     Rockefeller Center
                     1270 Avenue of the Americas
                     New York, NY 10020
                     Tel: (212) 808-5675
                     epboyle@venable.com
                     agdimon@venable.com

                     *Attorneys for Defendant AC2T, Inc.*